IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-385-X-BN |
| | § | |
| JEREMIAH CAPACIO CAMINO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
RENEWED MOTION FOR SUBSTITUTE SERVICE**

Plaintiff Joe Hunsinger filed a *pro se* complaint raising claims that include alleged violations of the Telephone Consumer Protection Act, a federal statute. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Hunsinger's deadline to prove proper service on the named defendant (or file an executed waiver of service) is May 14, 2026. *See* Dkt. No. 7; FED. R. CIV. P. 4(m).

The Court denied without prejudice Hunsinger's first motion to authorize substituted service [Dkt. No. 11] because his affidavit in support of that motion [Dkt. No. 11-1] was not signed and therefore did not strictly comply with Texas's rules, *see* Dkt. No. 12.

Hunsinger now renews his request under Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106 for authorization to serve the named

defendant by email. *See* Dkt. Nos. 13 & 14.

> Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. TEX. R. CIV. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).
>
> Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that ... evidence shows will be reasonably effective to give the defendant notice of suit." TEX. R. CIV. P. 106(b)(2). "[S]ubstitute service is not authorized ... without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022); *accord Am. Home Assurance Co. v. Zeus Plumbing*, No. SA-23-CV-01424-XR, 2024 WL 4795986, at *3 & n.1 (W.D. Tex. Aug. 20, 2024).

Hunsinger's renewed motion and the attached affidavits comply with Rule 106.

And, so, the Court GRANTS Hunsinger's renewed request to the extent that the Court AUTHORIZES a process server over the age of eighteen years (but not Hunsinger himself) to serve Defendant Jeremiah Capacio Camino by sending a summons and the complaint to Camino through email (at [JEREMIAH.CAMINO@gmail.com](mailto:JEREMIAH.CAMINO@gmail.com)). *See* TEX. R. CIV. P. 103 ("[N]o person who is a party to or is interested in the outcome of a suit may serve any process in that suit," but process may be served by "any person authorized by … written order of the court who is not less than eighteen years of age."); *cf. Jernigan v. McMillan*, No. 3:22-cv-2580-N-BN, 2023 WL 2668002, at *2 (N.D. Tex. Mar. 27, 2023) ("[W]hile the Court

authorizes this method of service" – service through a defendant's YouTube channel/account – "Jernigan herself, as a party, may not serve McMillan in this manner.").

Proof of this service must be filed by May 14, 2026.

SO ORDERED.

DATED: April 8, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE